# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV494 RWS |
| | ) | |
| PATRICIA SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Frederick Davis (registration no. 500842), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $14.20. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $71.00, and an average monthly balance of $16.73. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $14.20, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his right to be free from cruel and unusual punishment. Named as defendants are Patricia Smith (Former Superintendent, ERDCC), Thomas Pearson (Functional Unit Manager, ERDCC), Loretta Moss (Classification Caseworker, ERDCC), Kerry Kline (same), Thomas O'Conner (Correctional Officer, ERDCC), and the Missouri Department of Corrections. The complaint seeks monetary relief.

Plaintiff alleges that on September 26, 2007, his cell mate warned him that another prisoner, Harold Hayden, intended to injure plaintiff. Plaintiff's cell mate further warned plaintiff that there was a second offender who was allegedly planning

on carrying out an attack on plaintiff on Hayden's behalf. The second offender was allegedly waiting to be placed in protective custody.

Plaintiff claims that he informed defendant Moss of the threat and requested that Hayden be placed on his enemy list. Plaintiff says that he also told defendant Pearson that an unnamed inmate awaiting transfer to the protective custody unit ("PCU") intended to harm him. Plaintiff alleges that he also wrote a letter to defendant Smith in which he requested that she ensure that Moss had placed Hayden on his enemy list.

Plaintiff says that on October 2, 2007, he and several other PCU inmates were taken to the medical department. Plaintiff alleges that while they were there, defendant O'Conner left his post, leaving all of the PCU inmates unsupervised. Plaintiff claims that during the time that the PCU inmates were unsupervised, Hayden was able to enter the medical unit and mingle with the PCU inmates. Hayden then exited the medical unit into the hallway. Plaintiff states that he then left the medical unit to use the restroom and that he encountered Hayden in the hallway. Plaintiff alleges that Hayden then advanced upon him in a threatening manner while holding a screwdriver. Plaintiff claims that he "swung on Hayden in an attempt to defend himself from attack." Plaintiff says that O'Conner heard the incident and tackled plaintiff, taking him to the floor. Plaintiff claims that he was then taken to administrative segregation and issued a conduct violation for minor assault.

Plaintiff says that he later learned from a fellow inmate that his cell mate, Donnell White, and another offender, Otis Franks, intended to assault plaintiff on Hayden's behalf. Plaintiff alleges that he asked defendant Kline to put White and Franks on his enemy list but that Kline refused to do so.

Plaintiff alleges that the defendants' actions have subjected him "to an unreasonable risk of serious physical injury, or death . . ." Plaintiff further alleges that "as a direct result of O'Conner's actions/inactions, plaintiff was harmed, both physically and mentally."

**Discussion**

"To prevail in a suit under 42 U.S.C. 1983, an inmate seeking damages from prison officials for subjecting him to cruel and unusual punishment by failing to protect him from assault by another inmate 'must show something more than mere inadvertence or negligence. He must show the defendants were deliberately indifferent to his constitutional rights, either because they actually intended to deprive him of some right, or because they acted with reckless disregard of his right to be free from violent attacks by fellow inmates.'" Andrews v. Siegel, 929 F.2d 1326, 1330 (8th Cir. 1991) (quoting Miller v. Solem, 728 F.2d 1020, 1025 (8th Cir. 1984)); see Farmer v. Brennan, 511 U.S. 825, 837-38 (1994) (deliberate indifference limited to intentional, knowing, or recklessness in the criminal law context which requires

actual knowledge of a serious risk). "To establish 'reckless disregard' by prison officials, an inmate must show that he was faced with a 'pervasive risk of harm' and that the prison officials failed to respond reasonably to that risk." Andrews, 929 F.2d at 1330. Showing "pervasive risk of harm" "requires evidence of frequent violence or sexual assaults which places a prisoner or group of prisoners in reasonable fear for their safety; and prisoners must apprise the prison officials of the existence of the problem and the need for protective measures. In every case, a 'pervasive risk' is *something more than a single incident* and something less than a riot." Falls v. Nesbitt, 966 F.2d 375, 378 (8th Cir. 1992) (emphasis added).

Plaintiff has failed to establish that he was faced with a pervasive risk of harm and that defendants failed to respond reasonably to that risk. Rather, when plaintiff told defendants that Hayden had threatened him, they placed him in protective custody. And although O'Conner is alleged to have temporarily abandoned his post guarding the PCU inmates, plaintiff says that he responded immediately to the altercation between himself and Hayden. Plaintiff's allegations against O'Conner may rise to the level of negligence, but such allegations are not sufficient to support a claim under § 1983. E.g., Branchcomb v. Brewer, 669 F.2d 1297, 1298 (8th Cir. 1982). And plaintiff's claim that defendant Kline's failure to place White and Franks on his enemy list has placed him in a state of unreasonable risk fails to state a cognizable claim because the alleged risk is purely speculative. The allegations in

the instant complaint add up to only a single incident, which is insufficient to state a claim under § 1983. As a result, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Additionally, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Smith, Pearson, Moss, or Kline were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Finally, the complaint fails to state a claim against the Missouri Department of Corrections because an agency exercising state power is not a "person" subject to a suit under § 1983. E.g., Barket, Levy & Fine, Inc. V. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991).

For each of these reasons, this case will be dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $14.21 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 29th day of April, 2008.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE